# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DETROIT CITY DAIRY, INC.,**

      **Plaintiff,**        **CIVIL ACTION NO. 07-CV-11228-DT**

 **VS.**        **DISTRICT JUDGE JULIAN ABELE COOK**

**UNITED NATIONAL INS. CO.,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**

      **Defendant.**

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL APPRAISAL AND FOR STAY

This is an action alleging breach of an insurance contract. Plaintiff's policy with Defendant covered a vacant warehouse in Highland Park, Michigan. Vandals broke into the structure in December 2006 and stole copper causing damage of approximately $1,029,216.26, according to Plaintiff's Complaint. Plaintiff filed a loss claim with Defendant but Defendant denied all but $6,347.90 of the claim. In August 2007 Judge Cook granted partial summary judgment for Plaintiff holding that the loss was covered by Plaintiff's insurance policy. (Docket no. 17). Therefore, the remaining issue is the amount of Plaintiff's loss. By this motion, Plaintiff seeks to compel Defendant to comply with a provision of its insurance policy providing for an appraisal of the amount of loss if the parties disagree on the amount. (Docket no. 22). Defendant opposes appraisal and wishes to proceed with discovery on the amount of loss. Plaintiff also requests that the action be stayed pending the completion of the appraisal process.

The parties have fully briefed the issues in this action. (Docket nos. 22, 26, 29). The Court heard oral argument from counsel on November 7, 2007. This matter has been referred to the undersigned for decision. (Docket no. 25). Plaintiff's Motion is therefore ready for ruling.

The relevant law in deciding this motion is the insurance contract between the parties and Michigan substantive law because jurisdiction in this case is based on diversity of citizenship. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78-79 (1938).

The insurance policy provides that if the parties "disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding." (Docket no. 22, ex. A ¶ E.2). Plaintiff made written demand for an appraisal on August 15, 2007. (*Id.* ex. B). Defendant responded on August 17 that it was "still considering" Plaintiff's proposal of using the appraisal process. (*Id.* ex. C).

Plaintiff relies on Michigan cases enforcing appraisal provisions in insurance contracts. *See Frans v. Harleysville Lake States Ins. Co.*, 714 N.W.2d 671 (Mich. Ct. App. 2006). The *Frans* court noted that Michigan statutory law requires fire insurance policies to include an appraisal clause. The appraisal procedure has been described as "a simple and inexpensive method for the prompt adjustment and settlement of claims." *Thermo-Plastics R & D, Inc. v. General Accident Fire and Life Assurance Corp.*, 202 N.W.2d 703, 706 (Mich. Ct. App. 1972). Michigan statutory law requires each fire insurance policy to include an appraisal clause very similar to the one in the policy at issue in this case. Mich. Comp. Laws § 500.2833(m). Subsection (q) of that statute provides that "an action under the policy may be commenced only after compliance with the policy requirements." Plaintiff has shown that the terms of its policy provide for appraisal and that Michigan law generally enforces such a provision.

Defendant argues that Plaintiff's Motion to Compel should be denied for several reasons. First, Defendant argues that Plaintiff has failed to comply with policy provisions. It is not disputed that Plaintiff failed to make a written request for an appraisal before suit was filed. Plaintiff first requested an appraisal after the granting of summary judgment on the issue of coverage. Defendant relies on *Beck v. Michigan Basic Prop. Ins. Ass'n*, 2003 WL 887690 (Mich. Ct. App. Mar. 6, 2003) for the proposition that an appraisal must occur prior to the commencement of a lawsuit. In making this statement, the *Beck* court cited the above two subsections of Mich. Comp. Laws § 500.2833.

However, subsections (m) and (q) do not state that the appraisal must precede suit. Subsection q requires compliance with policy requirements. Defendant contends that the policy at issue provides that no action can be brought unless Plaintiff has complied with the policy provisions. However, Defendant fails to show any policy provision requiring that the appraisal occur before a lawsuit is filed. In the *Beck* case, the defendant insurance company demanded appraisal under the policy before the plaintiff filed his suit. The plaintiff failed to respond to that request and filed suit about a year later. Thus, the plaintiff failed to comply with policy provisions by not proceeding with the appraisal. The court's statement that the appraisal must occur before suit is filed must be limited to cases where the appraisal demand occurred before suit was filed. In the present case there was no demand before suit was filed. Moreover, Plaintiff relies on a different Michigan case stating that where the parties disagree on coverage, the court should determine that issue "before an appraisal of the damage to the property." *Auto-Owners Ins. Co. v. Kwaiser*, 476 N.W.2d 467, 470 (Mich. Ct. App. 1991). Accordingly, *Beck* and Plaintiff's failure to demand an appraisal before filing suit are not reasons for denying Plaintiff's motion.

Defendant also contends, and Plaintiff does not deny, that Plaintiff transferred ownership of the warehouse in March 2007 to a non-profit agency. Defendant argues that this should prevent an appraisal from taking place. However, Defendant fails to cite any provision of the policy prohibiting

3

such a transfer or conditioning the appraisal on Plaintiff retaining ownership of the property. This transfer of ownership is not a reason to deny Plaintiff's motion.

Defendant next argues that Plaintiff has refused to allow it to inspect the property as provided for in the insurance contract. This denial occurred in August or September 2007, after Plaintiff had requested and Defendant had not consented to an appraisal. Plaintiff shows that Defendant's adjuster's report states that he had inspected the property on two occasions in December 2006 and January 2007. (Docket no. 29, ex. A at 1 & 3). Defendant's counsel stated during oral argument that no request for inspection was made between early 2007 and mid-August 2007. The Court does not find this single denial to be a basis for denying Plaintiff's Motion to Compel the appraisal. The Court expects that Plaintiff will honor its counsel's statement during oral argument that if the appraisal process is ordered, Plaintiff will allow Defendant to inspect the property.

Defendant next contends that it does not know whether Plaintiff has complied with its obligation under the contract to protect the covered property from further damage. However, Defendant's appraiser wrote in his report after his inspection that Plaintiff had taken steps to secure the building. (Docket no. 29, ex. A). Plaintiff also has submitted the affidavit of its co-President who states that the building was secured in accordance with the instructions of Defendant's agents. (*Id.* ex. E). Defendant also fails to show that an appraisal is conditioned on Plaintiff making this showing. Therefore, this is not a reason to deny Plaintiff's motion.

Alternatively, Defendant repeats the circumstances discussed above and argues that based upon them Plaintiff waived its right to an appraisal. Although Michigan law may provide for such a waiver under circumstances such as refusing to arbitrate for an unreasonable length of time, Defendant has failed to show any substantial violation of the terms of the insurance contract by Plaintiff or any other basis for finding a waiver. This waiver argument is therefore not supported by the record.

4

Plaintiff has shown that the parties should engage in the appraisal process. Defendant has failed to show a good reason why it should not be compelled to participate. The parties will therefore be ordered to engage in the appraisal process. Because the amount of loss will be determined during the appraisal process, it would be a waste of resources for the parties to engage in discovery on the amount of loss while this process is proceeding. Discovery will therefore be stayed pending completion of the appraisal process.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Appraisal and for Stay (docket nos. 21, 22) is **GRANTED.**

**IT IS FURTHER ORDERED** that on or before Friday, November 23, 2007 the parties will select their respective appraisers as contemplated by the insurance contract.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: November 08, 2007     s/ Mona K. Majzoub
　　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: November 08, 2007     s/ Lisa C. Bartlett
　　　　　　　　　　　　　　Courtroom Deputy